# **<u>EXHIBIT 1</u>**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE ACUITY BRANDS, INC. SECURITIES LITIGATION | Civil Action No. 1:18-cv-02140-MHC |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of December 2, 2021 ("Stipulation") is entered into between (a) Court-appointed Class Representative the Public Employees' Retirement System of Mississippi ("Mississippi PERS," "Class Representative," or "Lead Plaintiff"), on behalf of itself and the Court-certified Class (defined below); and (b) Acuity Brands, Inc. ("Acuity" or the "Company"), Vernon J. Nagel, Richard K. Reece, and Mark A. Black (collectively, "Defendants" and together with Class Representative, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiff's Claims (defined below) against Defendants.

---

[1]     All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

WHEREAS:

A.      On January 3, 2018, a putative securities class action lawsuit was filed in the United States District Court for the District of Delaware, styled *Asanhussainsyedmohid v. Acuity Brands, Inc., et al.*, Case No. 1:18-cv-00012-RGA, on behalf of certain purchasers of Acuity securities. ECF No. 1. This lawsuit, along with a subsequently filed lawsuit, styled *Gray v. Acuity Brands, Inc., et al.*, Case No. 18-00285-RGA, were transferred to the United States District Court for the Northern District of Georgia ("Court") on April 3, 2018. ECF No. 38.

B.      By Order dated August 13, 2018, the Court consolidated the foregoing lawsuits under the caption *In re Acuity Brands, Inc. Securities Litigation*, Civil Action No. 1:18-cv-02140-MHC; appointed Mississippi PERS as Lead Plaintiff; and approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP and Labaton Sucharow LLP as Co-Lead Counsel for the putative class. ECF No. 50.

C.      On October 5, 2018, Lead Plaintiff filed the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("Complaint"). ECF No. 55. The Complaint asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants. The Complaint alleges that, during

2

the period between October 7, 2015 and April 3, 2017, inclusive, Defendants made material misrepresentations and failed to disclose material information to the market regarding Acuity's ability to maintain the rate of sales growth it had experienced in years prior. The Complaint further alleges that the price of Acuity common stock was artificially inflated during the Class Period as a result of Defendants' allegedly material misrepresentations and omissions, and declined when the alleged truth was revealed.

D.     On November 30, 2018, Defendants moved to dismiss the Complaint. ECF No. 63. On January 25, 2019, Lead Plaintiff opposed Defendants' motion to dismiss (ECF No. 67), and on February 25, 2019, Defendants filed a reply in support of their motion (ECF No. 68).

E.     On April 18, 2019, the Court heard oral argument on Defendants' motion to dismiss. ECF No. 72. On August 12, 2019, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss ("MTD Order"). ECF No. 78. By its MTD Order, the Court provided Lead Plaintiff thirty (30) days to amend the Complaint. On September 10, 2019, Lead Plaintiff notified the Court that it was electing not to amend the Complaint. ECF No. 84.

F.     On November 8, 2019, Defendants filed their answer and defenses to the Complaint. ECF No. 96. Thereafter, the Parties commenced discovery.

G.      On November 25, 2019, Lead Plaintiff filed its Motion for Class Certification and Appointment of Class Representative and Class Counsel. ECF No. 101. On February 14, 2020, Defendants opposed Lead Plaintiff's motion (ECF No. 110), and on April 24, 2020, Lead Plaintiff filed a reply in support of its motion (ECF No. 115).

H.      On August 19, 2020, the Court heard oral argument on Lead Plaintiff's motion for class certification. ECF No. 126. On August 25, 2020, the Court granted Lead Plaintiff's motion ("Class Certification Order"). ECF No. 130. By its Class Certification Order, the Court (a) certified a class of all persons who invested in the publicly traded common stock of Acuity Brands, Inc. from October 7, 2015 through April 3, 2017 and were damaged thereby ("Class"); (b) appointed Mississippi PERS as Class Representative; and (c) appointed Kessler Topaz Meltzer & Check, LLP and Labaton Sucharow LLP as Class Counsel, and Caplan Cobb LLP as Liaison Counsel.

I.      Thereafter, Defendants filed a petition to appeal the Class Certification Order to the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") pursuant to Federal Rule of Civil Procedure 23(f) ("23(f) Petition"). After full briefing, Defendants' 23(f) Petition was granted on November 18, 2020, and Defendants were allowed to appeal the Class Certification Order.

ECF No. 141. All case deadlines, except for certain discovery deadlines, were stayed pending resolution of the 23(f) Petition and Defendants' appeal. ECF No. 150.

J.      Previously, while discovery was ongoing and Lead Plaintiff's class certification motion was pending, the Parties began discussing the possibility of resolving the Action through settlement and agreed to mediation before David M. Murphy, Esq. of Phillips ADR. A mediation session with Mr. Murphy was scheduled for September 10, 2020. In advance of the mediation, the Parties exchanged detailed mediation statements addressing liability and damages issues. The September 2020 mediation was attended by all Parties and, while productive, the Parties were too far apart in their respective positions to resolve the Action at the mediation.

K.      Following the mediation, the Parties continued to exchange information with and negotiate through periodic discussions with Mr. Murphy. The Parties also concluded fact discovery, in which Class Representative, *inter alia*, took or defended a total of 22 depositions, served two separate sets of interrogatories on Defendants, and obtained approximately 320,000 pages of documents and electronic files from Defendants and third parties.

L.     The Parties agreed to participate in a second mediation session with Mr. Murphy on July 14, 2021, after fact discovery was concluded. This full-day mediation session, again following an exchange of briefs and the participation of all Parties, resulted in further progress toward a resolution but not an agreement to settle.

M.     After two months of further discussions, the Parties reached an agreement in principle to settle the Action pursuant to a mediator's recommendation issued by Mr. Murphy. The Parties memorialized their agreement in a binding term sheet executed on October 5, 2021 ("Term Sheet"). The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims against Defendants in return for a cash payment of $15,750,000 for the benefit of the Class.

N.     On October 6, 2021, the Parties notified the Court of their agreement in principle to resolve the Action. The same day, the Parties filed with the Eleventh Circuit a Joint Motion to Hold Appeal in Abeyance. The Eleventh Circuit granted the motion on October 7, 2021.

O.     This Stipulation (together with the exhibits hereto) incorporates all of the Term Sheet's material provisions, and reflects the final and binding agreement between the Parties.

P.     Based upon their investigation, prosecution, and mediation of the case, Class Representative and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Class Representative and the other members of the Class, and in their best interests. Based on Class Representative's direct oversight of the prosecution of this matter and with the advice of its counsel, Class Representative has agreed to settle and release the Released Plaintiff's Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Class Representative and the other members of the Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation, including the risk of the undecided appeal, and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by this Stipulation.

Q.     This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or

liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Class Representative has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Representative of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Class Representative (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

8

a.     "Action" means the securities class action styled *In re Acuity Brands, Inc. Securities Litigation*, Civil Action No. 1:18-cv-02140-MHC (N.D. Ga.).

b.     "Acuity" or "Company" means Acuity Brands, Inc.

c.     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

d.     "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

e.     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

f.     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

g.     "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

9

h.    "Claims Administrator" means the firm retained by Class Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

i.    "Class" means, as certified in the Court's August 25, 2020 Order, all persons who purchased publicly traded common stock of Acuity from October 7, 2015 to April 3, 2017, inclusive, and were damaged thereby. Excluded from the Class are: Defendants; members of the Immediate Family of any Individual Defendant; the officers and directors of Acuity during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party, in their capacities as such. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court.

j.    "Class Counsel" or "Co-Lead Counsel" means the law firms of Kessler Topaz Meltzer & Check, LLP and Labaton Sucharow LLP.

k.    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

l.      "Class Member" means each person and entity who or which is a member of the Class.

m.      "Class Period" means the period from October 7, 2015 to April 3, 2017, inclusive.

n.      "Class Representative," "Lead Plaintiff," or "Mississippi PERS" means the Public Employees' Retirement System of Mississippi.

o.      "Complaint" means the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws filed by Lead Plaintiff in the Action on October 5, 2018.

p.      "Court" means the United States District Court for the Northern District of Georgia.

q.      "Defendants" means Acuity, Vernon J. Nagel, Richard K. Reece, and Mark A. Black.

r.      "Defendants' Counsel" means King & Spalding LLP.

s.      "Defendants' Releasees" means Defendants and their current and former parent entities, business units, business divisions, affiliates, or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, financial or investment advisors, consultants, accountants, investment bankers, commercial

11

bankers, insurers, reinsurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, and assignees, any of the Individual Defendants' Immediate Family Members, and Defendants' Counsel, in their capacities as such.

      t.    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred or have been waived.

      u.    "Escrow Account" means an account maintained at Citibank N.A. (Private Bank) wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

      v.    "Escrow Agent" means Citibank N.A. (Private Bank).

      w.    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed

on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

   x. "Immediate Family" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

   y. "Individual Defendants" means Vernon J. Nagel, Richard K. Reece, and Mark A. Black.

   z. "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

   aa. "Liaison Counsel" means Caplan Cobb LLP.

13

bb.   "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Class Representative directly related to its representation of the Class), for which Class Counsel intend to apply to the Court for payment or reimbursement from the Settlement Fund.

cc.   "Mediator" means David M. Murphy, Esq. of Phillips ADR.

dd.   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

ee.   "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members.

ff.   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notices to the Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

gg. "Parties" means Defendants and Class Representative, on behalf of itself and the Class.

hh. "Plaintiff's Counsel" means Class Counsel, Kessler Topaz Meltzer & Check, LLP and Labaton Sucharow LLP; Liaison Counsel Caplan Cobb LLP; and Gadow Tyler PLLC, special counsel to Lead Plaintiff.

ii. "Plaintiff's Releasees" means Class Representative, all other members of the Class, and their current and former parent entities, business units, business divisions, affiliates, or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, assignees, Immediate Family Members, and Plaintiff's Counsel, in their capacities as such.

jj. "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

kk. "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily

approving the Settlement and directing that notice of the Settlement be provided to the Class.

ll.    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

mm.  "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

nn.   "Released Defendants' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action, except for claims relating to the enforcement of the Settlement.

oo.   "Released Plaintiff's Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever, except those provided for in the Settlement), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that Class Representative or any other member of the Class: (i) asserted in any of the complaints filed in the Action; or (ii) could have asserted in the Action or in any other action or in any other forum that (a) arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, nondisclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Action, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment *and* (b) relate to the purchase of publicly-traded

Acuity common stock during the Class Period. Released Plaintiff's Claims do not include any claims relating to the enforcement of the Settlement, claims asserted on behalf of the Company in the lawsuit styled *Stephen L. Davis, et al. v. Vernon J. Nagel, et al.*, Case No. 1:21-cv-04067-MHC (N.D. Ga.) and any putative shareholder derivative action commenced or shareholder litigation demand letter dated as of the date this Stipulation is filed with the Court, or any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

      pp.   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

      qq.   "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

      rr.   "Settlement" means the settlement between Class Representative and Defendants on the terms and conditions set forth in this Stipulation.

      ss.   "Settlement Amount" means $15,750,000.00 in cash.

      tt.   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

uu.   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

vv.   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

ww. "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

xx.   "Unknown Claims" means any Released Plaintiff's Claims which Class Representative or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by

him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representative and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representative and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.    Within ten (10) business days after the execution of this Stipulation, Class Representative will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of

a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Class Representative shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A. Class Representative shall provide Acuity with drafts of the papers it intends to file in support of preliminary approval of the Settlement no later than three (3) calendar days in advance of filing.

## RELEASE OF CLAIMS

3.     The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

4.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against Defendants and the other Defendants'

Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representative and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

6.      Notwithstanding  ¶¶ 4-5 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

7.      In consideration of the settlement of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within twenty (20) business days following the later of: (a) preliminary approval of the Settlement, or (b) Class Counsel's provision to Defendants' Counsel of a W-9 for the Settlement Fund, and wire and check mailing instructions for payments to the Escrow Account. The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees to Plaintiff's Counsel, Litigation Expenses, including any reimbursement award to Class Representative, Notice and Administration Costs, Class Member benefits, and other costs associated with the Settlement. Acuity or its insurance carriers shall bear Defendants' costs and expenses, including costs, expenses, and fees of their counsel; the costs of providing their transfer records for purposes of notice (*see* ¶ 18 below); and the costs of providing notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) (*see* ¶ 19 below).

## USE OF THE SETTLEMENT FUND

8.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the

Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 20-29 below.

9.       Except as provided herein or pursuant to order(s) of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Class Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

10.   The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e). Class Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

11.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Class Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Class Counsel or their agents with respect to the payment of Taxes, as described herein.

12.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

13.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, up to $250,000 in Notice

and Administration Costs actually incurred and paid or payable ("Notice and Administration Costs Cap"). Following the Effective Date, Class Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs exceeding the Notice and Administration Costs Cap. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for searching and providing the names/addresses of prospective Class Members for noticing or forwarding the Notice and Claim Form directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

14.     Class Counsel, on behalf of Plaintiff's Counsel, will apply to the Court for an award of attorneys' fees to be paid solely from (and out of) the Settlement Fund. Class Counsel also will apply to the Court for reimbursement or payment of Plaintiff's Counsel's Litigation Expenses, which may include a request for reimbursement of Class Representative's costs and expenses directly related to its representation of the Class, to be paid solely from (and out of) the Settlement Fund. Class Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Class Representative other than what is set forth in this Stipulation.

15.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Class Counsel immediately following final approval of the Settlement and the entry of an order awarding attorneys' fees and Litigation Expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on

remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel shall make the appropriate refund or repayment in full, including accrued interest at the same net rate as is earned by the Settlement Fund, no later than thirty (30) calendar days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of any such reduction of the award of attorneys' fees and/or Litigation Expenses by a non-appealable order, or notice of the termination of the Settlement. Any disapproval or modification of an application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of this Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on Defendants to increase the compensation paid in connection with the Settlement. Any appeal relating to an award of attorneys' fees or expenses will not affect the finality or binding nature of the Settlement, the Judgment, or the Releases provided herein.

16.     Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability

whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Class Counsel shall be payable solely from the Settlement Fund.

## NOTICE AND SETTLEMENT ADMINISTRATION

17.    As part of the Preliminary Approval Order, Class Counsel shall seek appointment of a Claims Administrator. The proposed Claims Administrator will be selected solely by Class Counsel. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Class Representative, any other Class Members, or Class Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

18.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Class as may be identified through reasonable effort. Class Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Class, within five (5) business days after the Court's entry of the Preliminary Approval Order, Defendants shall provide to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Class Representative or the Class, Plaintiff's Counsel or the Claims Administrator) shareholder lists (consisting of names, addresses, and e-mail addresses (if available)) of purchasers of record of Acuity common stock during the Class Period in an electronic format, such as Excel.

19.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants or their insurance carriers are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class

Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

20.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.     The Plan of Allocation set forth in the Notice is being proposed solely by Class Representative and Class Counsel and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Class Representative and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Similarly, any order of the Court modifying or rejecting the proposed Plan of Allocation will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation

in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

23.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment. Class Counsel shall have the right, but not the obligation, to waive

what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

24.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

b.    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be

permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiff's Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c.      Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d.      Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is

to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

25.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

26.    Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's

administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Settlement Fund; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Settlement Fund.

27.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

28.    No person or entity shall have any claim against Class Representative, Plaintiff's Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Class

Representative and Defendants, and their respective counsel, and Class Representative's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

30.    If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## <u>DISAPPROVAL, CANCELLATION, OR TERMINATION</u>

31.     The Effective Date of the Settlement shall be deemed to occur on the

occurrence or waiver of all of the following events:

       a.     the Court has entered the Preliminary Approval Order,

substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2

above;

       b.     the Settlement Amount has been deposited into the Escrow

Account in accordance with the provisions of ¶ 7 above;

       c.     Defendants have not exercised their option to terminate the

Settlement pursuant to the provisions of this Stipulation;

       d.     Class Representative has not exercised its option to terminate the

Settlement pursuant to the provisions of this Stipulation; and

       e.     the Court has approved the Settlement as described herein,

following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal

Rules of Civil Procedure, and entered the Judgment and the Judgment has become

Final, or the Court has entered an Alternate Judgment and none of the Parties seek

to terminate the Settlement and the Alternate Judgment has become Final.

32.     Upon the occurrence of all of the events referenced in ¶ 31 above, any

and all remaining interest or right of Defendants in or to the Settlement Fund, if

any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

33.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Class Representative exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a.    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

b.    Class Representative and Defendants shall revert to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet on October 5, 2021;

c.    Neither Class Representative nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action;

d.    The terms and provisions of this Stipulation, with the exception of this ¶ 33 and ¶¶ 13, 15, 37, 57, and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if

applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

e.     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Class Counsel consistent with ¶ 15 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Class Counsel consistent with ¶ 15 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 15 above.

34.     It is further stipulated and agreed that Defendants, provided they unanimously agree, and Class Representative shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty

(30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the Eleventh Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the Eleventh Circuit or the United States Supreme Court, and the provisions of ¶ 33 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

35.     In addition to the grounds set forth in ¶ 34 above, Defendants shall have the right to withdraw from the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in the Parties' confidential supplemental agreement ("Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the

statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Class Representative and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

36. In addition to the grounds set forth in ¶ 34 above, Class Representative also has the option to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 7 above, but only if (a) Class Counsel have first notified Defendants' Counsel in writing of Class Representative's intent to terminate the Settlement pursuant to this paragraph, and (b) the entire Settlement Amount is not deposited in the Escrow Account within five (5) business days after Class Counsel have provided such written notice.

## NO ADMISSION OF WRONGDOING

37. Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediations and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and this Stipulation, nor any

proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

      a.   shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

      b.   shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have

exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

      c.    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

38.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

39. Each Defendant will warrant and represent as to himself or itself only, that he or it is not "insolvent" within the meaning of 11 U.S.C. § 101(32) at the time this Stipulation is executed and as of the time the payment of the Settlement Amount is actually transferred or made as reflected in this Stipulation. In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Amount, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Escrow Account by others, Class Representative may elect to terminate the Settlement. If Class Representative terminates the Settlement in accordance with this provision: (i) all of the Releases given and the Judgment, or Alternate Judgment, if applicable, entered in favor of the Defendants pursuant to the Settlement shall be null and void; (ii) Class Representative shall refund the Settlement Amount to Defendants (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) as provided in ¶ 33(e) above; and (iii) the Parties shall be restored to their respective

46

positions in the litigation as provided in ¶ 33(b) above and may proceed as if the Settlement were never entered into.

40.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Class Representative and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiff's Claims. Class Representative and Defendants agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by David M. Murphy of Phillips ADR, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

41.    Neither Class Representative nor Class Counsel will make any public announcement regarding the Settlement until (i) Acuity has publicly announced the Settlement or (ii) three (3) business days have elapsed following the filing of this Stipulation with the Court, whichever comes first.

42.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Class Representative and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Class Representative and Defendants (or their successors-in-interest).

44.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of

attorneys' fees and Litigation Expenses to Class Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

46.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Class Representative and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

48.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

50.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement shall be governed by the internal laws of Georgia without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

52.     This Stipulation shall be interpreted in a neutral manner and shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

53.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that

they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.    Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| If to Class Representative or Class Counsel: | Kessler Topaz Meltzer & Check, LLP<br>Attn:  Andrew L. Zivitz<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone:  (610) 667-7706<br>Facsimile:  (610) 667-7056<br>Email: azivitz@ktmc.com |
|---|---|
| | -and- |
| | Labaton Sucharow LLP<br>Attn:  James W. Johnson<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0700 |

Facsimile: (212) 818-0477
Email: jjohnson@labaton.com

If to Defendants:          King & Spalding LLP
                           Attn: Michael R. Smith
                                 Benjamin Lee
                           1180 Peachtree Street N.E.
                           Atlanta, GA 30309
                           Telephone: (404) 572-4600
                           Facsimile: (404) 572-5100
                           Emails: mrsmith@kslaw.com
                                   blee@kslaw.com

56.     Except as otherwise provided herein, each Party shall bear its own costs.

57.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

58.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

59.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the

determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of December 2, 2021.

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

By: _____
    Andrew L. Zivitz
Andrew L. Zivitz (*pro hac vice*)
Johnston de F. Whitman, Jr. (*pro hac vice*)
Joshua E. D'Ancona (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Emails: azivitz@ktmc.com
        jwhitman@ktmc.com
        jdancona@ktmc.com

**LABATON SUCHAROW LLP**

By: _____
    James W. Johnson
James W. Johnson (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Irina Vasilchenko (*pro hac vice*)
Philip J. Leggio (*pro hac vice*)
140 Broadway

New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Emails: jjohnson@labaton.com
mrogers@labaton.com
ivasilchenko@labaton.com
pleggio@labaton.com

*Counsel for Class Representative the Public
Employees' Retirement System of
Mississippi and Class Counsel for the Class*

**CAPLAN COBB LLP**
Michael A. Caplan
Georgia Bar No. 601039
75 Fourteenth Street, NE, Suite 2750
Atlanta, Georgia 30309
Telephone: (404) 596-5600
Facsimile: (404) 596-5604
Email: mcaplan@caplancobb.com

*Liaison Counsel for Class Representative
the Public Employees' Retirement System of
Mississippi and Liaison Counsel for the
Class*

**GADOW TYLER, PLLC**
Jason M. Kirschberg (*pro hac vice*)
511 E. Pearl Street
Jackson, Mississippi 39201
Telephone: (601) 355-0654
Facsimile: (601) 510-9667
Email: jason@gadowtyler.com

*Additional Counsel for Class Representative
the Public Employees' Retirement System of
Mississippi*

54

KING & SPALDING LLP

By: _____
       Michael R .Smith
Michael R. Smith
Georgia Bar Number: 661689
Benjamin Lee
Georgia Bar Number: 443082
Cheri Grosvenor
Georgia Bar Number: 314360
Edward A. Bedard
Georgia Bar Number: 926148
1180 Peachtree Street N.E.
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Emails: mrsmith@kslaw.com
       blee@kslaw.com
       cgrosvenor@kslaw.com
       ebedard@kslaw.com

*Attorneys for Defendants Acuity Brands,
Inc., Vernon J. Nagel, Richard K. Reece,
and Mark A. Black*

# **EXHIBIT A**

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE ACUITY BRANDS, INC. SECURITIES LITIGATION | Civil Action No. 1:18-cv-02140-MHC |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, the above-captioned action is pending in this Court ("Action");

WHEREAS, by Order dated August 25, 2020 (ECF No. 130), this Court certified the Action to proceed as a class action on behalf of all persons who purchased publicly traded common stock of Acuity Brands, Inc. ("Acuity") from October 7, 2015 to April 3, 2017, inclusive, and were damaged thereby ("Class");[1]

WHEREAS, (a) Court-appointed Class Representative the Public Employees' Retirement System of Mississippi ("Class Representative"), on behalf of itself and the Court-certified Class; and (b) defendants Acuity, Vernon J. Nagel, Richard K. Reece, and Mark A. Black (collectively, "Defendants") have determined to settle all

---

[1] Excluded from the Class are: Defendants; members of the Immediate Family of any Individual Defendant; the officers and directors of Acuity during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party, in their capacities as such. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court.

claims asserted in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 2, 2021 ("Stipulation"), subject to the approval of this Court ("Settlement");

WHEREAS, Class Representative has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and directing notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representative's motion for preliminary approval of the Settlement and authorization to provide notice of the Action and the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair,

reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.       **Settlement Hearing** – The Court will hold a hearing ("Settlement Hearing") on _____ __, **2022 at __:__ .m.** at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, or by video or telephonic conference (as set forth below), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in ¶ 4 of this Order.

3.       The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as

the Parties may agree to, if appropriate, without further notice to the Class. The Court may also decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the website, www.strategicclaims.net/acuity, as referenced in ¶ 4(c) of this Order. Any Class Member (or their counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the website for the Settlement for any change in date, time, or format of the hearing.

4.    **Retention of Claims Administrator and Manner of Giving Notice** – Class Counsel are hereby authorized to retain Strategic Claims Services ("Claims Administrator") to supervise and administer the notice procedure in connection with the Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)    Defendants shall provide or cause to be provided to the Claims Administrator in electronic format, such as Excel, at no cost to the Settlement Fund, Class Representative, the Class, Plaintiff's Counsel, or the Claims Administrator, shareholder lists (consisting of names, addresses, and e-mail addresses (if available)) of purchasers of record of Acuity common stock during the Class Period within five (5) business days of the date of entry of this Order;

(b)     not later than fifteen (15) business days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (together, the "Notice Packet"), to be mailed by first-class mail or emailed to potential Class Members at the addresses set forth in the records provided or caused to be provided by Defendants, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and the Claim Form can be downloaded;

(d)     not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

**EXHIBIT A**

5. **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and the Claim Form and the publication of the Summary Notice in the manner and form set forth in ¶ 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6

6.    **Nominee Procedures** – Brokers and other nominees who purchased Acuity common stock during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715

*et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants or their insurance carriers are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Final Approval Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8.     **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

9.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by

adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by the Claims Administrator with supervision by Class Counsel as necessary; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Class Member must be included in the Claim Form; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed.

10.    Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the

Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 8 above.

11.   **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself, themselves, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Acuity Brands, Inc. Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063, and (b) each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re Acuity Brands, Inc. Securities Litigation*, Case No. 1:18-cv-02140-MHC (N.D. Ga.)"; (iii) state the number of shares of Acuity common stock (A) owned as of the opening of trading on October 7, 2015, (B) purchased and sold from October 7, 2015 through July 2, 2017, and (C) held as of the close of trading on July 2, 2017, as well as the dates and prices of each such purchase and sale; (iv) provide documentation showing such person or entity's

trading in Acuity common stock through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the requester's broker containing the transactional and holding information found in a broker confirmation slip or account statement; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Copies of all requests for exclusion from the Class received by the Claims Administrator shall be provided to Class Counsel and Defendants' Counsel on a rolling basis within five (5) business days of receipt and no later than fourteen (14) calendar days prior to the Settlement Hearing.

12.     Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

13.     Any Class Member who or that does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Class; (b) shall be

forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

14.    **Appearance and Objections at Settlement Hearing** – Any Class Member who or that does not request exclusion from the Class may appear at the Settlement Hearing at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by sending a letter to the Clerk of Court, Class Counsel, and Defendants' Counsel at the addresses set forth in ¶ 15 below, stating his, her, their, or its intent to appear at the Settlement Hearing, such that the letter is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. If a Class Member intends to have counsel appear on his, her, their, or its behalf at the Settlement Hearing, the letter must identify all attorneys who will appear on the Class Member's behalf and the attorneys must send a notice of their intent to appear to the Clerk of Court, Class

**EXHIBIT A**

Counsel, and Defendants' Counsel at the addresses set forth in ¶ 15 below. Otherwise, Class Members will be represented by Class Counsel.

15.     Any Class Member who or that does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  <u>**Class Counsel**</u>  |  <u>**Defendants' Counsel**</u>  |
|:---:|:---:|
| Kessler Topaz Meltzer & Check, LLP | King & Spalding LLP |
| Andrew L. Zivitz, Esq. | Michael R. Smith, Esq. |
| 280 King of Prussia Road | Benjamin Lee, Esq. |
| Radnor, PA 19087 | 1180 Peachtree Street N.E. |
| | Atlanta, GA 30309 |

**EXHIBIT A**

> Labaton Sucharow LLP
> James W. Johnson, Esq.
> 140 Broadway
> New York, NY 10005

16.     Any objections, filings, and other submissions by the objecting Class

Member must: (a) identify the case name and docket number (*In re Acuity Brands,*

*Inc. Securities Litigation*, Case No. 1:18-cv-02140-MHC (N.D. Ga.)); (b) state the

name, address, and telephone number of the person or entity objecting and must be

signed by the objector; (c) state with specificity the grounds for the Class Member's

objection, including any legal and evidentiary support the Class Member wishes to

bring to the Court's attention and whether the objection applies only to the objector,

to a specific subset of the Class, or to the entire Class; and (d) include documents

sufficient to prove membership in the Class showing the number of shares of Acuity

common stock that the objecting Class Member (i) owned as of the opening of

trading on October 7, 2015, (ii) purchased and sold from October 7, 2015 through

July 2, 2017, and (iii) held as of the close of trading on July 2, 2017, as well as the

dates, number of shares, and prices of each such purchase and sale. The objecting

Class Member shall provide such documentation establishing membership in the

Class through copies of brokerage confirmation slips or monthly brokerage account

statements, or an authorized statement from the objector's broker containing the

transactional and holding information found in a broker confirmation slip or account

statement. Objectors who intend to appear and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

17.     Any Class Member who or that does not make his, her, their, or its objection in the manner provided herein may be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Class Representative and all other members of the Class from commencing

or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

19.  **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Action and the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

20.  **Settlement Fund** – The contents of the Settlement Fund held by Citibank N.A. (Private Bank) (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.  **Taxes** – Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.  **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of

the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on October 5, 2021, as provided in the Stipulation.

23. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, an/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any

liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their

respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

24.    **<u>Supporting Papers</u>** – Class Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____ 2021.

_____
The Honorable Mark H. Cohen
United States District Judge

# EXHIBIT A-1

**EXHIBIT A-1**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE ACUITY BRANDS, INC. SECURITIES LITIGATION | Civil Action No. 1:18-cv-02140-MHC |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Northern District of Georgia ("Court") if, during the period from October 7, 2015 to April 3, 2017, inclusive ("Class Period"), you purchased publicly traded common stock of Acuity Brands, Inc. ("Acuity"), and were damaged thereby.

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Class Representative the Public Employees' Retirement System of Mississippi ("Mississippi PERS," "Class Representative," or "Lead Plaintiff"), on behalf of itself and the Class (as defined in ¶ 25 below), and defendants Acuity, Vernon J. Nagel, Richard K. Reece, and Mark A. Black (collectively, "Defendants") have reached a proposed settlement of the Action for $15,750,000 in cash that, if approved, will resolve all claims in the Action ("Settlement"). The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated December 2, 2021 ("Stipulation").[1]

**PLEASE READ THIS NOTICE CAREFULLY.** This Notice explains important rights you may have, including the possible receipt of a payment

---

[1]     All capitalized terms not defined in this Notice have the meanings provided in the Stipulation. The Stipulation can be viewed at www.strategicclaims.net/acuity.

**from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to Class Counsel or the Claims Administrator.**

• <u>**Description of the Action and the Class**</u>: This Notice relates to the proposed Settlement of claims in a pending securities class action brought by Acuity investors alleging that Defendants violated the federal securities laws by making material misrepresentations and failing to disclose material information regarding Acuity's ability to maintain the rate of sales growth it had experienced in years prior. A detailed description of the Action and its procedural history is set forth in ¶¶ 4-19 below. The Settlement, if approved by the Court, will settle the claims of the Class, as defined in ¶ 25 below.

• <u>**Statement of the Class's Recovery**</u>: Subject to Court approval, Class Representative, on behalf of the Class, has agreed to settle the Action in exchange for a cash payment of $15,750,000 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (defined below at ¶ 39) will be distributed to eligible Class Members in accordance with a plan of allocation that is approved by the Court. The plan of allocation being proposed by Class Representative ("Plan of Allocation") is attached hereto as Appendix A.

• <u>**Estimate of Average Amount of Recovery Per Share**</u>: Based on Class Representative's damages consultant's estimate of the number of shares of Acuity publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery (before deduction of any Court-approved fees, expenses, and administration costs) per eligible share of Acuity common stock will be approximately $0.74. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Class Members may recover more or less than the average amount per share depending on: (i) when and the price at which they purchased their Acuity common stock; (ii) whether they sold their Acuity common stock; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.

**EXHIBIT A-1**

- **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of Acuity common stock that would be recoverable if Class Representative prevailed in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Class as a result of Defendants' conduct.

- **Attorneys' Fees and Expenses Sought:** Court-appointed Class Counsel, Kessler Topaz Meltzer & Check, LLP and Labaton Sucharow LLP, have not received any payment of attorneys' fees for their representation of the Class in the Action and have advanced the funds to pay expenses incurred to prosecute the Action with the expectation that if they were successful in recovering money for the Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. For their efforts, Class Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for attorneys' fees in an amount not to exceed 25% of the Settlement Fund. (Plaintiffs' Counsel are Class Counsel, Caplan Cobb LLP, and Gadow Tyler PLLC.) In addition, Class Counsel will apply for payment of the Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $1.375 million, plus interest. The foregoing expense amount may also include a request for reimbursement of the reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4). If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost per eligible share of Acuity common stock will be $0.25. **Please note that this amount is only an estimate**.

- **Identification of Attorneys' Representatives:** Class Representative and the Class are represented by Andrew L. Zivitz, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706, info@ktmc.com, www.ktmc.com; and James W. Johnson, Esq. of Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, settlementquestions@labaton.com, www.labaton.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Class Counsel or the Claims Administrator at: *Acuity Brands, Inc. Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063, (866) 274-4004, info@strategicclaims.net,

www.strategicclaims.net/acuity. **Please do not contact the Court regarding this notice.**

- **Reasons for the Settlement:** For Class Representative, the principal reason for the Settlement is the guaranteed cash benefit for the Class without the risks, delays, and increased costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or no recovery at all – might be achieved after further litigation, including a decision by the Eleventh Circuit Court of Appeals ("Eleventh Circuit") on Defendants' pending appeal of this Court's ruling on class certification, expert discovery, summary judgment motions, a trial of the Action, and appeals. Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Class Members were damaged, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2022.** | This is the only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2022.** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Defendants' Releasees about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2022.** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses. This will not exclude you from the Class. |

| | |
|---|---|
| **GO TO A HEARING ON _____ __, 2022 AT __:__ __.M.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING.** | Get no payment. You will, however, remain a member of the Class, which means that you give up any right you may have to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Settlement Hearing – currently scheduled for _____ __, 2022 at __:__ .m. – is subject to change without further notice. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check www.strategicclaims.net/acuity, or with Class Counsel to confirm no change to the date and/or time of the hearing has been made.**

| |
|---|
| **WHAT THIS NOTICE CONTAINS** |

Why Did I Get This Notice?                                                    Page __
What Is This Case About?                                                      Page __
Why Is This A Class Action?                                                   Page __
Why Is There A Settlement?                                                    Page __
What Might Happen If There Were No Settlement?                               Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class?                         Page __
How Are Class Members Affected By The Action And
    The Settlement?                                        Page __
How Do I Participate In The Settlement?  What Do I Need To Do?               Page __
How Much Will My Payment Be?                                                 Page __
What Payment Are The Attorneys For The Class Seeking?
    How Will The Lawyers Be Paid?                         Page __

What If I Do Not Want To Be A Member Of The Class?
  How Do I Exclude Myself?                                        Page __
When And Where Will The Court Decide Whether To Approve
  The Settlement? Do I Have To Come To The Hearing?  May I
  Speak At The Hearing If I Do Not Like The Settlement?          Page __
What If I Bought Shares On Someone Else's Behalf?                 Page __
Can I See The Court File?  Who Should I Contact If I Have
  Questions?                                                     Page __
Proposed Plan of Allocation of Net Settlement Fund Among
  Authorized Claimants                                           Appendix A

## WHY DID I GET THIS NOTICE?

1.    The Court authorized that this Notice be sent to you because you or someone in your family, or an investment account for which you serve as a custodian, may have purchased Acuity publicly traded common stock during the Class Period, and may be a Class Member. The Court directed that this Notice be sent to you to inform you of the terms of the proposed Settlement and about all of your options before the Court rules on the Settlement at or after the Settlement Hearing. Additionally, you have the right to understand how this class action lawsuit may affect your legal rights.

2.    This Notice explains the Action, the Settlement, your legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments pursuant to the Settlement after any objections and appeals are resolved. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

4.    Acuity is a leading provider of lighting solutions for commercial, institutional, industrial, infrastructure, and residential applications throughout North America and select international markets. In this Action, Class Representative alleges that, during the Class Period, Defendants made material misrepresentations

and failed to disclose material information to the market regarding Acuity's ability to maintain the remarkable rate of sales growth it had experienced in years prior. Class Representative further alleges the price of Acuity common stock was artificially inflated during the Class Period as a result of Defendants' allegedly material misrepresentations and omissions, and declined when the alleged truth was revealed.

5.      On January 3, 2018, a putative securities class action lawsuit was filed in the United States District Court for the District of Delaware, styled *Asanhussainsyedmohid v. Acuity Brands, Inc., et al.*, Case No. 1:18-cv-00012-RGA, on behalf of certain purchasers of Acuity securities. This lawsuit, along with a subsequently filed lawsuit, styled *Gray v. Acuity Brands, Inc., et al.*, Case No. 18-00285-RGA, were transferred to this Court on April 3, 2018.

6.      By Order dated August 13, 2018, the Court consolidated the foregoing lawsuits under the caption *In re Acuity Brands, Inc. Securities Litigation*, Civil Action No. 1:18-cv-02140-MHC; appointed Mississippi PERS as Lead Plaintiff; and approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP and Labaton Sucharow LLP as Co-Lead Counsel for the putative class.

7.      On October 5, 2018, Lead Plaintiff filed the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("Complaint"). The Complaint asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants.

8.      On November 30, 2018, Defendants moved to dismiss the Complaint. Defendants' motion was fully briefed by the Parties.

9.      On April 18, 2019, the Court heard oral argument on Defendants' motion to dismiss. On August 12, 2019, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss ("MTD Order"). By its MTD Order, the Court provided Lead Plaintiff thirty (30) days to amend the Complaint. On September 10, 2019, Lead Plaintiff notified the Court that it was electing not to amend the Complaint.

10.     On November 8, 2019, Defendants filed their answer and defenses to the Complaint. Thereafter, the Parties commenced discovery.

11.     On November 25, 2019, Lead Plaintiff filed its Motion for Class Certification and Appointment of Class Representative and Class Counsel. Lead Plaintiff's motion was fully briefed by the Parties.

12. On August 19, 2020, the Court heard oral argument on Lead Plaintiff's motion for class certification. On August 25, 2020, the Court granted Lead Plaintiff's motion ("Class Certification Order"). By its Class Certification Order, the Court (a) certified a class of all persons who invested in the publicly traded common stock of Acuity from October 7, 2015 through April 3, 2017 and were damaged thereby; (b) appointed Mississippi PERS as Class Representative; and (c) appointed Kessler Topaz Meltzer & Check, LLP and Labaton Sucharow LLP as Class Counsel, and Caplan Cobb LLP as Liaison Counsel.

13. Thereafter, Defendants filed a petition to appeal the Class Certification Order to the Eleventh Circuit pursuant to Federal Rule of Civil Procedure 23(f) ("23(f) Petition"). After full briefing, Defendants' 23(f) Petition was granted on November 18, 2020, and Defendants were allowed to appeal the Class Certification Order. All case deadlines, except for certain discovery deadlines, were stayed pending resolution of the 23(f) Petition and Defendants' appeal.

14. Previously, while discovery was ongoing and Lead Plaintiff's class certification motion pending, the Parties began discussing the possibility of resolving the Action through settlement and agreed to mediation before David M. Murphy, Esq. of Phillips ADR. A mediation session with Mr. Murphy was scheduled for September 10, 2020. In advance of the mediation, the Parties exchanged detailed mediation statements addressing liability and damages issues. While productive, the Parties were too far apart in their respective positions to resolve the Action at the mediation.

15. Following the mediation, the Parties continued to exchange information with and negotiate through periodic discussions with Mr. Murphy. The Parties also concluded fact discovery, in which Class Representative, *inter alia*, took or defended a total of 22 depositions, served two separate sets of interrogatories on Defendants, and obtained approximately 320,000 pages of documents and electronic files from Defendants and third parties.

16. Following the conclusion of fact discovery, the Parties agreed to participate in a second mediation session with Mr. Murphy on July 14, 2021. This full-day mediation session resulted in further progress toward a resolution but not an agreement to settle.  After two months of further discussions, the Parties reached an agreement in principle to settle the Action pursuant to a mediator's recommendation issued by Mr. Murphy. The Parties memorialized their agreement in a term sheet executed on October 5, 2021.

17.     On October 6, 2021, the Parties notified the Court of their agreement in principle to resolve the Action. The same day, the Parties filed with the Eleventh Circuit a Joint Motion to Hold Appeal in Abeyance. The Eleventh Circuit granted the motion on October 7, 2021.

18.     After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on December 2, 2021. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.strategicclaims.net/acuity.

19.     On _____ __, 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS A CLASS ACTION?

20.     In a class action, one or more persons or entities (in this case, Class Representative), sue on behalf of people and entities that have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," of the class.

## WHY IS THERE A SETTLEMENT?

21.     Class Representative and Class Counsel believe that the claims against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims through trial, including a decision on Defendants' pending appeal to the Eleventh Circuit, complex expert discovery, summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and the Class's full amount of damages. Such risks include the potential challenges associated with proving that there were material misstatements in Defendants' public statements, that any Defendant spoke with intent to deceive or severe recklessness, that any investment losses suffered by Class Members were caused by misleading statements made by any Defendant, and establishing significant damages under the securities laws.

22.    In light of these risks, the amount of the Settlement, and the guaranteed, near-term recovery to the Class, Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class. Class Representative and Class Counsel believe that the Settlement provides a substantial benefit to the Class, as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

23.    Defendants have denied and continue to deny the claims and allegations asserted against them in the Action, including that: they made materially false and/or misleading statements, they failed to disclose material adverse facts about Acuity's business, and Class Representative or the Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden, expense, uncertainty, and risk of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by any Defendant in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

24.    If there were no Settlement and Class Representative failed to establish any essential legal or factual element of its claims against Defendants, neither Class Representative nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in their appeal to the Eleventh Circuit, or at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE CLASS?

25.    If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class, as certified by the Court's August 25, 2020 Order, consists of:

**All persons who purchased publicly traded common stock of Acuity from October 7, 2015 to April 3, 2017, inclusive, and were damaged thereby.**

Excluded from the Class are: Defendants; members of the Immediate Family of any Individual Defendant; the officers and directors of Acuity during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a

controlling interest; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party, in their capacities as such. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement. If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation postmarked (if mailed), or online at www.strategicclaims.net/acuity, by no later than _____ __, 2022.**

| HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|:---:|

26.    As a Class Member, you are represented by Class Representative and Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own attorney, such attorney must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

27.    If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," on page __ below.

28.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

29.    If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and the other Defendants'

Releasees and will provide that, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (defined in ¶ 30 below) against Defendants and the other Defendants' Releasees (defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

30.    "Released Plaintiff's Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever, except those provided for in the Settlement), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that Class Representative or any other member of the Class: (i) asserted in any of the complaints filed in the Action; or (ii) could have asserted in the Action or in any other action or in any other forum that (a) arise out of, are based upon, are related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, nondisclosures, occurrences, representations, statements, acts or omissions, or failures to act that were involved, set forth, or referred to in any of the complaints filed in the Action, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment *and* (b) relate to the purchase of publicly-traded Acuity common stock during the Class Period. Released Plaintiff's Claims do not include any claims relating to the enforcement of the Settlement, claims asserted on behalf of the Company in the lawsuit styled *Stephen L. Davis, et al. v. Vernon J. Nagel, et al.*, Case No. 1:21-cv-04067-MHC (N.D. Ga.) and any putative shareholder derivative action commenced or shareholder litigation demand letter dated as of the date this Stipulation is filed with the Court, or any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

31.   "Defendants' Releasees" means Defendants and their current and former parent entities, business units, business divisions, affiliates, or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, reinsurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, and assignees, any of the Individual Defendants' Immediate Family Members, and Defendants' Counsel, in their capacities as such.

32.   "Unknown Claims" means any Released Plaintiff's Claims which Class Representative or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representative and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representative and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released,

13

resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representative and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims (defined in ¶ 34 below) against any of the Plaintiff's Releasees (defined in ¶ 35 below). This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

34.     "Released Defendants' Claims" means all claims (including Unknown Claims), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action, except for claims relating to the enforcement of the Settlement.

35.     "Plaintiff's Releasees" means Class Representative, all other members of the Class, and their current and former parent entities, business units, business divisions, affiliates, or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, assignees, Immediate Family Members, and Plaintiff's Counsel, in their capacities as such.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

---

36.     To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.strategicclaims.net/acuity, by no later than _____ __, 2022***. A Claim Form is included with this Notice, or you may obtain one at

www.strategicclaims.net/acuity. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004 or by emailing info@strategicclaims.net. Please retain all records of your ownership of and transactions in Acuity publicly traded common stock, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Acuity common stock.

37.    If you request exclusion from the Class or do not submit a Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

38.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

39.    Pursuant to the Settlement, Defendants shall pay or cause to be paid $15,750,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) Taxes; (ii) Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

40.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and the Plan of Allocation, or another plan of allocation, and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise has expired.

41.    Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

43.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or received on or before _____ __, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

44.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to Acuity publicly traded common stock purchased through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY Acuity publicly traded common stock purchased during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases of eligible Acuity common stock during the Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

45.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

46.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

47.     Only Class Members, i.e., persons who purchased Acuity publicly traded common stock during the Class Period and were damaged as a result of such purchases, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

48.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Class Representative and Class Counsel. At the Settling Hearing, Class Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

49.    Class Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Class Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. At the same time, Class Counsel will also apply for payment of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $1.375 million, plus interest. Class Counsel's request for Litigation Expenses may include a request for reimbursement of the reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class in accordance with 15. U.S.C. § 78u-7(a)(4). The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. *Class Members are not personally liable for any such fees or expenses.*

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

50.    Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Acuity Brands, Inc. Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA  19063 that is accepted by the Court. The request for exclusion must be *received* **no later than _____ __, 2022**. You will not be able to exclude yourself from the Class after that date.

51.    Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re Acuity Brands, Inc. Securities Litigation*, Civil Action No. 1:18-cv-02140-MHC (N.D. Ga.)"; (iii) state the number of shares of Acuity common stock (A) owned as of the opening of trading on October 7, 2015, (B) purchased and sold from October 7, 2015 through July 2, 2017, and (C) held as of the close of trading on July 2, 2017, as well as the dates and prices of each such purchase and sale; (iv) provide documentation showing

such person or entity's trading in Acuity common stock through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the requester's broker containing the transactional and holding information found in a broker confirmation slip or account statement; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

52.    If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees. Excluding yourself from the Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiff's Claims. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

53.    If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

54.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by the Parties.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

55.    **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

56.    <u>**Please Note**</u>: The date and time of the Settlement Hearing may change without further written notice to the Class. In addition, the COVID-19 pandemic is a

fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by video or phone, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the website, www.strategicclaims.net/acuity, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.strategicclaims.net/acuity. If the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.strategicclaims.net/acuity.**

57.    The Settlement Hearing will be held on _____ __, **2022 at __:__ _.m.**, before the Honorable Mark H. Cohen, United States District Court Judge for the Northern District of Georgia, either in person at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Courtroom: 1905, Atlanta, GA 30303, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's request for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

58.    Any Class Member may object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Georgia at the address set forth below as well as serve copies on Class Counsel and Defendants' Counsel at the addresses set forth below *on or before* _____ __, *2022*.

| Clerk's Office | Class Counsel | Defendants' Counsel |
| --- | --- | --- |
| United States District Court Northern District of Georgia Richard B. Russell Federal Building and United States Courthouse | Andrew L. Zivitz, Esq. Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA 19087 | Michael R. Smith, Esq. Benjamin Lee, Esq. King & Spalding LLP 1180 Peachtree Street N.E. Atlanta, GA 30309 |

| 75 Ted Turner Drive, SW Atlanta, GA 30303 | James W. Johnson, Esq. Labaton Sucharow LLP 140 Broadway New York, NY 10005 | |
|---|---|---|

59.     Any objections, filings, and other submissions by the objecting Class Member must: (i) identify the case name and docket number, *Acuity Brands, Inc. Securities Litigation*, Civil Action No. 1:18-cv-02140-MHC (N.D. Ga.); (ii) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (iii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (iv) include documents sufficient to prove membership in the Class showing the number of shares of Acuity common stock that the objecting Class Member (A owned as of the opening of trading on October 7, 2015, (B) purchased and sold from October 7, 2015 through July 2, 2017, and (C) held as of the close of trading on July 2, 2017, as well as the dates, number of shares, and prices of each such purchase and sale. The objecting Class Member shall provide such documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

60.     **You may not object to the Settlement, Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.**

61.     You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

62.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the

Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 58 above so that it is *received* **on or before** _____ __, **2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

63.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 58 above so that the notice is *received* **on or before** _____ __, **2022**.

64.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

65.    If you purchased Acuity publicly traded common stock from October 7, 2015 to April 3, 2017, inclusive, for the beneficial interest of persons or entities other than yourself, you must either: (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (together, the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to: *Acuity Brands, Inc. Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners you have identified on your list. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with

proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice, as well as the Claim Form, may also be obtained from the Settlement website, www.strategicclaims.net/acuity, by calling the Claims Administrator toll-free at 1-866-274-4004, or by emailing the Claims Administrator at info@strategicclaims.net

| CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

66. This Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.strategicclaims.net/acuity. A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Class Counsel at the contact information set forth above, by accessing the Court docket in this case, for a fee, though the Court's PACER system at https://ecf.gand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the Settlement website, www.strategicclaims.net/acuity.

67. All inquiries concerning this Notice and the Claim Form should be directed to:

*Acuity Brands, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA  19063
(866) 274-4004
info@strategicclaims.net
www.strategicclaims.net/acuity

and/or

| Andrew L. Zivitz, Esq. | James W. Johnson, Esq. |
|---|---|
| Kessler Topaz Meltzer & Check, LLP | Labaton Sucharow LLP |
| 280 King of Prussia Road | 140 Broadway |
| Radnor, PA 19087 | New York, NY 10005 |

**EXHIBIT A-1**

(610) 667-7706                           (888) 219-6877
info@ktmc.com                    settlementquestions@labaton.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S
OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING
THIS NOTICE**

DATED: _____ __, 202_            BY ORDER OF THE COURT
                                         United States District Court
                                         Northern District of Georgia

23

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund
### Among Authorized Claimants

1.     The Plan of Allocation set forth herein is the plan that is being proposed by Class Representative to the Court for approval after consultation with its damages consultant. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Class. Any Orders regarding a modification to the Plan of Allocation will be posted on the website www.strategicclaims.net/acuity. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

2.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws, as opposed to economic losses caused by market or industry factors or Company-specific factors unrelated to the allegations in the Complaint. To that end, Class Representative's damages consultant calculated the estimated amount of alleged artificial inflation in the per-share price of Acuity publicly traded common stock ("Acuity common stock") over the course of the Class Period that was allegedly proximately caused by Defendants' alleged materially false and misleading misrepresentations and omissions.

3.     Calculations made pursuant to the Plan of Allocation do not represent a formal damages analysis and are not intended to measure the amounts that Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The calculations under the Plan of Allocation are a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

4.     For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased

Acuity common stock during the Class Period (*i.e.*, from October 7, 2015 to April 3, 2017, inclusive) and *held such Acuity common stock through at least one of the alleged corrective disclosures* that removed alleged artificial inflation related to that information. To that end, Class Representative's damages consultant has identified three dates on which alleged corrective disclosures removed alleged artificial inflation from the price of Acuity common stock: October 5, 2016, January 9, 2017, and April 4, 2017.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

5.    A "Recognized Loss Amount" will be calculated as set forth below for each share of Acuity common stock purchased from October 7, 2015 to April 3, 2017, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts for all purchases of Acuity common stock during the Class Period will be the Claimant's "Recognized Claim."

6.    For purposes of calculating a Claimant's "Recognized Claim" under the Plan of Allocation, purchases and sales of Acuity common stock will first be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

7.    For each share of Acuity common stock purchased from October 7, 2015 to April 3, 2017, inclusive, and sold on or before July 2, 2017,[2] an "Out of

---

[2]    July 2, 2017 represents the last day of the 90-day period following the end of the Class Period, *i.e.*, the period from April 4, 2017 through July 2, 2017 (the "90-day Look-Back Period"). The Private Securities Litigation Reform Act of 1995 imposes a statutory limitation on recoverable damages using the 90-day Look-Back Period. This limitation is incorporated into the calculation of a Class Member's Recognized Loss Amount. Specifically, a Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Acuity common stock and the average price of the Acuity common stock during the 90-day Look-Back Period if the Acuity common stock was held through July 2, 2017, the end of this period. Losses on Acuity common stock purchased during the period from October

Pocket Loss" will be calculated. Out of Pocket Loss is defined as the per-share purchase price (excluding all fees, taxes, and commissions) *minus* the per-share sale price (excluding all taxes, commissions, and fees). To the extent that the calculation of an Out of Pocket Loss results in a negative number, that number shall be set to zero.

8.     A Claimant's Recognized Loss Amount per share of Acuity common stock purchased during the Class Period will be calculated as follows:

A.     For each share of Acuity common stock purchased during the Class Period and subsequently sold prior to the opening of trading on October 5, 2016, the Recognized Loss Amount is $0.

B.     For each share of Acuity common stock purchased during the Class Period and subsequently sold after the opening of trading on October 5, 2016 and prior to the close of trading on April 3, 2017, the Recognized Loss Amount shall be ***the lesser of***:

    (i)     the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase as set forth in **Table 1** below *minus* the dollar amount of alleged artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

    (ii)    the Out of Pocket Loss.

C.     For each share of Acuity common stock purchased during the Class Period and subsequently sold after the close of trading on April 3, 2017 and prior to the close of trading on July 2, 2017 (*i.e.*, the last day of the 90-day look-back period), the Recognized Loss Amount shall be ***the least of***:

---

7, 2015 through April 3, 2017, inclusive, and sold during the 90-day Look-Back Period cannot exceed the difference between the purchase price paid for the Acuity common stock and the average price of Acuity common stock during the portion of the 90-day Look-Back Period elapsed as of the date of sale (the "90-day Look-Back Value"), as set forth in **Table 2** below.

> (i) the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase as set forth in **Table 1**;
>
> (ii) the purchase price of each such share (excluding all taxes, commissions, and fees) *minus* the 90-Day Look-back Value as set forth in **Table 2** below; or
>
> (iii) the Out of Pocket Loss.

D. For each share of Acuity common stock purchased during the Class Period and still held as of the close of trading on July 2, 2017 (*i.e.*, the last day of the 90-day look-back period), the Recognized Loss Amount shall be ***the lesser of***:

> (i) the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase as set forth in **Table 1** below; or
>
> (ii) the purchase price of each such share (excluding all fees, taxes, and commissions) *minus* $176.10 (the average closing price of Acuity common stock during the 90-day look-back period (*i.e.*, April 4, 2017 through July 2, 2017), as shown on the last line in **Table 2** below).

## **ADDITIONAL PROVISIONS**

9. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 13 below) is $10.00 or greater.

10. Purchases and sales of Acuity common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Acuity common stock during the Class Period, shall not be deemed a purchase or sale of these shares of Acuity common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of such shares of Acuity common stock unless: (i) the donor or decedent purchased such shares of Acuity common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of

the donor, on behalf of the decedent, or by anyone else with respect to such shares of Acuity common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

11.     The date of covering a "short sale" is deemed to be the date of purchase of the Acuity common stock. The date of a "short sale" is deemed to be the date of sale of the Acuity common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Acuity common stock, the earliest purchases during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

12.     Acuity common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Acuity common stock are not securities eligible to participate in the Settlement. With respect to Acuity common stock purchased or sold through the exercise of an option, the purchase/sale date of the Acuity common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of Acuity common stock acquired during the Class Period through the exercise of an option on Acuity common stock shall be computed as provided for other purchases of Acuity common stock in the Plan of Allocation.

13.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than nine (9) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and

expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Class Counsel and approved by the Court.

15.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Class Representative, Plaintiff's Counsel, Class Representative's damages consultant, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders.

| TABLE 1 | | |
|---|---|---|
| **Estimated Alleged Artificial Inflation in Acuity Common Stock** | | |
| **From** | **To** | **Estimated Alleged Artificial Inflation Per Share** |
| 10/7/2015 | 10/4/2016 | $70.04 |
| 10/5/2016 | 1/8/2017 | $56.85 |
| 1/9/2017 | 4/3/2017 | $29.90 |

**EXHIBIT A-1**

| TABLE 2 | | | |
|---|---|---|---|
| **Acuity Common Stock 90-Day Look-back Value by Sale/Disposition Date** | | | |
| **Sale Date** | **90-Day Look-back Value** | **Sale Date** | **90-Day Look-back Value** |
| 4/4/2017 | $173.93 | 5/19/2017 | $176.98 |
| 4/5/2017 | $172.17 | 5/20/2017 | $176.98 |
| 4/6/2017 | $172.30 | 5/21/2017 | $176.98 |
| 4/7/2017 | $172.51 | 5/22/2017 | $176.78 |
| 4/8/2017 | $172.51 | 5/23/2017 | $176.58 |
| 4/9/2017 | $172.51 | 5/24/2017 | $176.34 |
| 4/10/2017 | $173.29 | 5/25/2017 | $176.07 |
| 4/11/2017 | $174.02 | 5/26/2017 | $175.77 |
| 4/12/2017 | $174.13 | 5/27/2017 | $175.77 |
| 4/13/2017 | $173.95 | 5/28/2017 | $175.77 |
| 4/14/2017 | $173.95 | 5/29/2017 | $175.77 |
| 4/15/2017 | $173.95 | 5/30/2017 | $175.44 |
| 4/16/2017 | $173.95 | 5/31/2017 | $175.13 |
| 4/17/2017 | $174.08 | 6/1/2017 | $174.93 |
| 4/18/2017 | $174.14 | 6/2/2017 | $174.76 |
| 4/19/2017 | $174.15 | 6/3/2017 | $174.76 |
| 4/20/2017 | $174.42 | 6/4/2017 | $174.76 |
| 4/21/2017 | $174.67 | 6/5/2017 | $174.60 |
| 4/22/2017 | $174.67 | 6/6/2017 | $174.55 |
| 4/23/2017 | $174.67 | 6/7/2017 | $174.51 |
| 4/24/2017 | $174.90 | 6/8/2017 | $174.49 |
| 4/25/2017 | $174.99 | 6/9/2017 | $174.54 |
| 4/26/2017 | $175.09 | 6/10/2017 | $174.54 |
| 4/27/2017 | $175.19 | 6/11/2017 | $174.54 |
| 4/28/2017 | $175.24 | 6/12/2017 | $174.72 |
| 4/29/2017 | $175.24 | 6/13/2017 | $174.81 |
| 4/30/2017 | $175.24 | 6/14/2017 | $174.93 |
| 5/1/2017 | $175.29 | 6/15/2017 | $175.00 |

| TABLE 2 | | | |
| --- | --- | --- | --- |
| **Acuity Common Stock 90-Day Look-back Value by Sale/Disposition Date** | | | |
| **Sale Date** | **90-Day Look-back Value** | **Sale Date** | **90-Day Look-back Value** |
| 5/2/2017 | $175.45 | 6/16/2017 | $175.03 |
| 5/3/2017 | $175.54 | 6/17/2017 | $175.03 |
| 5/4/2017 | $175.74 | 6/18/2017 | $175.03 |
| 5/5/2017 | $176.15 | 6/19/2017 | $175.10 |
| 5/6/2017 | $176.15 | 6/20/2017 | $175.11 |
| 5/7/2017 | $176.15 | 6/21/2017 | $175.11 |
| 5/8/2017 | $176.59 | 6/22/2017 | $175.14 |
| 5/9/2017 | $177.19 | 6/23/2017 | $175.17 |
| 5/10/2017 | $177.78 | 6/24/2017 | $175.17 |
| 5/11/2017 | $178.18 | 6/25/2017 | $175.17 |
| 5/12/2017 | $178.01 | 6/26/2017 | $175.20 |
| 5/13/2017 | $178.01 | 6/27/2017 | $175.20 |
| 5/14/2017 | $178.01 | 6/28/2017 | $175.27 |
| 5/15/2017 | $177.93 | 6/29/2017 | $175.65 |
| 5/16/2017 | $177.76 | 6/30/2017 | $176.10 |
| 5/17/2017 | $177.49 | 7/1/2017 | $176.10 |
| 5/18/2017 | $177.23 | 7/2/2017 | $176.10 |

# EXHIBIT A-2

**EXHIBIT A-2**

***Acuity Brands, Inc. Securities Litigation***
**c/o Strategic Claims Services**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**

**Toll-Free Number:  1-866-274-4004**
**Email:  info@strategicclaims.net**
**Website:  www.strategicclaims.net/acuity**

**<u>PROOF OF CLAIM AND RELEASE FORM</u>**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the class action *In re Acuity Brands, Inc. Securities Litigation*, Civil Action No. 1:18-cv-02140-MHC (N.D. Ga.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class mail to the above address, or submit it online at www.strategicclaims.net/acuity, **postmarked (or received) no later than 11:59 P.M. EST on _____ __, 2022**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court,
the Parties to the Action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS
ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE OR ONLINE
AT <u>WWW.STRATEGICCLAIMS.NET/ACUITY</u>.**

| <u>TABLE OF CONTENTS</u> | <u>PAGE #</u> |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN ACUITY BRANDS, INC. ("ACUITY") PUBLICLY TRADED COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

Page 1

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you read carefully the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed to eligible Class Members if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the capitalized terms used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the Releases described therein and provided for herein.

2.      This Claim Form is directed to **all persons who purchased publicly traded common stock of Acuity from October 7, 2015 to April 3, 2017, inclusive, and were damaged thereby**. Certain persons and entities are excluded from the Class by definition as set forth in ¶ 25 of the Notice.

3.      By submitting this Claim Form, you are making a request to share in the Settlement proceeds. IF YOU ARE NOT A CLASS MEMBER (defined in ¶ 25 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of Acuity publicly traded common stock. Please provide all of the requested information with respect to your holdings, purchases, and sales of Acuity publicly traded common stock,

whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim. Neither the Claims Administrator nor the Parties have access to your trading information.**

6.    **Please note**: Only Acuity publicly traded common stock purchased during the Class Period (*i.e.*, from October 7, 2015 to April 3, 2017, inclusive) is eligible under the Settlement. However, pursuant to the "90-day Look-Back period" (described in the Plan of Allocation set forth in the Notice), your sales of Acuity publicly traded common stock during the period from April 4, 2017 through and including the close of trading on July 2, 2017 will be used to calculate your loss under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to calculate your claim, your transactions during the 90-day Look-Back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Acuity publicly traded common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information regarding your investments in Acuity publicly traded common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.    If your Acuity publicly traded common stock was owned jointly, all joint owners must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased Acuity publicly traded common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased Acuity publicly traded common stock during the

Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9.  **You must submit a separate Claim Form for each separate legal entity or separately managed account**. Generally, one Claim Form should be submitted on behalf of one legal entity and include all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms should be submitted for each such account (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). The Claims Administrator reserves the right to request information on all the holdings and transactions in Acuity publicly traded common stock made on behalf of a single beneficial owner.

10.  Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)  expressly state the capacity in which they are acting;

(b)  identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Acuity publicly traded common stock; and

(c)  furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.  By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or if you need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004, or you can visit www.strategicclaims.net/acuity, where copies of the Claim Form and Notice are available for downloading.

15.     **NOTICE REGARDING INSTITUTIONAL FILERS**: Representatives with the authority to file on behalf of (a) accounts of multiple persons/entities and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple persons/entities and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (*see* ¶ 10.c above) along with the electronic spreadsheet. The transactions and holdings in Acuity publicly traded common stock should be reported in the electronic file so that each resulting Claim corresponds to a single legal entity, regardless of the number of individually managed accounts the legal entity has, as only one Claim will be processed per legal entity (*e.g.* a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Class Period, one total holding at the end of the Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed as a

single Claim). The Claims Administrator reserves the right to combine a legal entity's accounts into a single Claim prior to processing in the event that a legal entity's accounts are divided across multiple Claims when submitted by a Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a legal entity's transactions and holdings in Acuity publicly traded common stock to prove and accurately process the Claim.

16.     **<u>NOTICE REGARDING ONLINE FILING</u>**: Claimants who are not Representative Filers may submit their Claims online using the electronic version of the Claim Form hosted at <u>www.strategicclaims.net/acuity</u>. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your Claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## <u>IMPORTANT PLEASE NOTE</u>:

**YOUR CLAIM, IF MAILED, IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-866-274-4004.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name      Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                State   Zip Code

Foreign Province                      Foreign Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                      Telephone Number (work)

**EXHIBIT A-2**

 Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Account Number (where securities were traded)[1]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Claimant Account Type (check appropriate box)

Individual (includes joint owner accounts)    Pension Plan
Trust
Corporation                                   Estate
IRA/401K                                       Other _____
                                               (please specify)

---

[1]    If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

**EXHIBIT A-2**

## PART III – SCHEDULE OF TRANSACTIONS IN
## ACUITY PUBLICLY TRADED COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information regarding securities other than Acuity publicly traded common stock.

| | Confirm Proof of Position Enclosed |
|---|---|
| **1.  HOLDINGS AS OF OCTOBER 7, 2015** – State the total number of shares of Acuity publicly traded common stock held as of the opening of trading on October 7, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | ○ |

**2.  PURCHASES FROM OCTOBER 7, 2015 TO APRIL 3, 2017, INCLUSIVE** – Separately list each and every purchase (including free receipts) of Acuity publicly common stock from after the opening of trading on October 7, 2015 through and including the close of trading on April 3, 2017.  (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases Enclosed |
|---|---|---|---|---|
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |

**3.  PURCHASES FROM APRIL 4, 2017 TO JULY 2, 2017, INCLUSIVE** – State the total number of shares of Acuity publicly traded common stock purchased (including free receipts) from after the opening of trading on April 4, 2017 through and including the close of trading on July 2, 2017.  (Must be documented.)  If none, write "zero" or "0."[2]

_____

[2]        **Please note**:  Information requested with respect to your purchases of Acuity

| 4.  SALES FROM OCTOBER 7, 2015 TO JULY 2, 2017, INCLUSIVE – Separately list each and every sale/disposition (including free deliveries) of Acuity publicly traded common stock from after the opening of trading on October 7, 2015 through and including the close of trading on July 2, 2017. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| 5.  HOLDINGS AS OF JULY 2, 2017 – State the total number of shares of Acuity publicly traded common stock held as of the close of trading on July 2, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE, ATTACH THE REQUIRED INFORMATION ON SEPARATE, NUMBERED SHEETS IN THE SAME FORMAT AS ABOVE AND PRINT YOUR NAME AND THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH ADDITIONAL SHEET. IF YOU ATTACH SEPARATE SHEETS, CHECK THIS BOX:  □**

---

publicly traded common stock from after the opening of trading on April 4, 2017 through and including the close of trading on July 2, 2017 is needed in order to perform the necessary calculations for your claim; purchases during this period, however, are not eligible transactions and will not be used to calculate Recognized Loss Amounts pursuant to the Plan of Allocation.

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, trustees, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claims (defined in ¶ 30 of the Notice) against Defendants and the other Defendants' Releasees (defined in ¶ 31 of the Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) member(s) of the Class, as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.    that the claimant(s) has (have) **not** submitted a request for exclusion from the Class;

4.    that I (we) own(ed) the Acuity publicly traded common stock identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other Claim covering the same purchases of Acuity publicly traded common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') Claim and for purposes of enforcing the Releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waive(s) any right of appeal or review with respect to such determination;

9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. **If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence.**

I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                          Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                     Date

_____

Print joint claimant name here

**EXHIBIT A-2**

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant          Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 10 on page ___ of this Claim Form.)

**EXHIBIT A-2**

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then each joint claimant must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-866-274-4004.** If you submit your Claim electronically, you will receive a confirmatory email within 10 days of your submission

6. If your address changes in the future, please send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004 or you may visit www.strategicclaims.net/acuity. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/ACUITY, **POSTMARKED (OR RECEIVED) NO LATER THAN 11:59 P.M. EST ON _____ __, 2022.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Acuity Brands, Inc. Securities Litigation*
**c/o Strategic Claims Services**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date is indicated on the envelope. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**EXHIBIT A-2**

## REMINDER CHECKLIST

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then each joint claimant must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-866-274-4004.** If you submit your Claim electronically, you will receive a confirmatory email within 10 days of your submission

6. If your address changes in the future, please send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004 or you may visit www.strategicclaims.net/acuity. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/ACUITY, **POSTMARKED (OR RECEIVED) NO LATER THAN 11:59 P.M. EST ON _____ __, 2022.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Acuity Brands, Inc. Securities Litigation*
**c/o Strategic Claims Services**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**

Page 16

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date is indicated on the envelope. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**EXHIBIT A-3**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE ACUITY BRANDS, INC. SECURITIES LITIGATION | Civil Action No. 1:18-cv-02140-MHC |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:  All persons who purchased publicly traded common stock of Acuity Brands, Inc. ("Acuity") from October 7, 2015 to April 3, 2017, inclusive, and were damaged thereby ("Class"):**

### PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Georgia ("Court"), that the above-captioned action ("Action") has been certified as a class action on behalf of the Class, except for certain persons and entities who are excluded from the Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

**YOU ARE ALSO NOTIFIED** that Court-appointed Class Representative the Public Employees' Retirement System of Mississippi ("Class Representative"), on behalf of itself and the Court-certified Class, has reached a proposed settlement of the Action with defendants Acuity, Vernon J. Nagel, Richard K. Reece, and Mark A. Black (collectively, "Defendants") for $15,750,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

1

**EXHIBIT A-3**

A hearing ("Settlement Hearing") will be held on _____, **2022 at __:__ _.m.**, before the Honorable Mark H. Cohen, United States District Court Judge for the Northern District of Georgia, either in person at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Courtroom: 1905, Atlanta, GA 30303-3309, or by video or telephonic conference as the Court may order, to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement dated December 2, 2021 ("Stipulation") is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's motion for attorneys' fees and litigation expenses should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.strategicclaims.net/acuity.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds**. If you have not yet received the full printed Notice and Claim Form in the mail, you may obtain copies of these documents by: (i) contacting the Claims Administrator at *Acuity Brands, Inc. Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063, (866) 274-4004, info@strategicclaims.net; or (ii) downloading them from the website for the Settlement, www.strategicclaims.net/acuity, or from Class Counsel's websites www.ktmc.com and www.labaton.com.

To be eligible to receive a payment from the Settlement, you must be a member of the Class and submit a Claim Form ***postmarked (if mailed), or online via www.strategicclaims.net/acuity, no later than _____, 2022***, in accordance with the instructions set forth in the Claim Form. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is ***received no later than***

**EXHIBIT A-3**

_____, **2022**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not receive any benefits from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and litigation expenses, must be submitted to the Court and served on Class Counsel and Defendants' Counsel such that they are *received no later than* _____, **2022**, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*Acuity Brands, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net
www.strategicclaims.net/acuity

All other inquiries should be made to Class Counsel:

| | |
|---|---|
| Andrew L. Zivitz, Esq. | James W. Johnson, Esq. |
| Kessler Topaz Meltzer & Check, LLP | Labaton Sucharow LLP |
| 280 King of Prussia Road | 140 Broadway |
| Radnor, PA 19087 | New York, NY 10005 |
| (610) 667-7706 | (888) 219-6877 |
| info@ktmc.com | settlementquestions@labaton.com |

**EXHIBIT A-3**

DATED: _____ __, 202_          BY ORDER OF THE COURT
                                         United States District Court
                                         Northern District of Georgia

# **EXHIBIT B**

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE ACUITY BRANDS, INC. SECURITIES LITIGATION | Civil Action No. 1:18-cv-02140-MHC |

## [PROPOSED] JUDGMENT APPROVING
## CLASS ACTION SETTLEMENT

WHEREAS, the above-captioned action is pending in this Court ("Action");

WHEREAS, by Order dated August 25, 2020 (ECF No. 130), this Court certified the Action to proceed as a class action on behalf of all persons who purchased publicly traded common stock of Acuity Brands, Inc. ("Acuity") from October 7, 2015 to April 3, 2017, inclusive, and were damaged thereby ("Class");[1]

WHEREAS, (a) Court-appointed Class Representative Public Employees' Retirement System of Mississippi ("Class Representative"), on behalf of itself and the Court-certified Class; and (b) defendants Acuity, Vernon J. Nagel, Richard K. Reece, and Mark A. Black (collectively, "Defendants") have entered into the

---

[1]     Excluded from the Class are: Defendants; members of the Immediate Family of any Individual Defendant; the officers and directors of Acuity during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party, in their capacities as such. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court.

**EXHIBIT B**

Stipulation and Agreement of Settlement dated December 2, 2021 ("Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2021 ("Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____ __, 2022 ("Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered

2

dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 2, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____ __, 2022.

3.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder);

**EXHIBIT B**

(iii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members are bound by this Judgment[, except those persons listed on Exhibit 1 to this Judgment].

4.      **CAFA Notice -** The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq*., to the extent

applicable to the Action, have been satisfied and that the statutory waiting period for entry of this Judgment has elapsed.

5.      [**Objections** - The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

6.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class. Specifically, the Court finds that: (a) Class Representative and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties

are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.     The Action and all of the claims asserted against Defendants in the Action by Class Representative and the other Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representative, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.     **Releases** – The Releases set forth in ¶¶ 4 and 5 of the Stipulation, together with the definitions contained in ¶ 1 of the Stipulation relating thereto, are expressly incorporated herein. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

        (a)     Without further action by anyone, and subject to ¶ 10 below, upon the Effective Date of the Settlement, Class Representative and each of the other

Class Members, on behalf of themselves, and their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b) Without further action by anyone, and subject to ¶ 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representative and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.    Notwithstanding ¶¶ 9 (a)–(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.    **<u>Rule 11 Findings</u>** – Pursuant to 15 U.S.C. § 78u-4(c)(1) and based on its review of the record, the Court finds that the Parties and their respective counsel have complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.    **<u>No Admissions</u>** – Neither this Judgment, the Term Sheet, the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, an/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have

been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees

and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

13.    **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    **<u>Modification of the Agreement of Settlement</u>** – Without further approval from the Court, Class Representative and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class

Members in connection with the Settlement. Without further order of the Court, Class Representative and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on October 5, 2021, as provided in the Stipulation.

17. **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

**EXHIBIT B**

SO ORDERED this _____ day of _____ 2022.


_____
The Honorable Mark H. Cohen
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Class Pursuant to Request]**